The Chancellor.
William Culver, the father of the complainant, died seized of a small house, and a few acres of land attached, in the county of Middlesex. He left the complainant and a daughter, then infants of tender years, his heirs at law. His brother, John Culver, one of the defendants, took out letters of administration upon his estate. He obtained an order of the Orphans Court of the county of Middlesex to sell the real estate of the intestate to pay his debts. By virtue of this order, the defendant sold the house and lot of land in question. The bill charges that the administrator was the purchaser at this sale, and though the property was struck off to his son, William Culver, yet, in truth, the purchase was made for John Culver, who now holds the title.
The only question in the cause is, whether William Culver was the real purchaser at the sale, or whether he acted as the agent of his father, the administrator, and acted, or suffered his name to be used, merely for the purpose of transmitting the title to his father ?
We have the answer both of John and William Culver. They declare that William was the real and bona fide purchaser at the sale; that there was no understanding between them in reference to the purchase, and that William purchased for himself, without the knowledge of his father, or any previous consultation with him.
notwithstanding this unqualified denial, I think the fact is established, by the evidence in the cause, that the property was purchased by William, not for himself, but as the mere agent of his father.
The first fact is this — the sale was confirmed by the Orphans Court, at the term of December, 1835, and on the 26th of February following the title to the property was in the administrator, by virtue of a deed from his son, who was the purchaser at the administrator’s sale. It does not appear when the deed was made by the administrator to William. The deed is not produced, and no reason is given for. its nouproduetion. It was not re *217 corded. The date of that deed is not given us, although its date is of considerable importance in its bearing upon this issue. But without prejudicing the defendant, John Culver, by any of these considerations, the fact is before us, that within two months after the administrator’s sale, the title was vested in the administrator, through the instrumentality of the administrator’s son. The fact, that the purchase was made by the son of the administrator, and that, so soon after the purchase, the property was conveyed by the son to the father, is some evidence, standing without explanation, that the father was the real purchaser through the interposition of his son.
The next fact is an important one. The bill charges that the property was struck off at the sale to William Culver. It turns out, upon the examination of Mr. Mundy, who was the crier at the sale, that William Culver was not present at the sale, and that the bid of one hundred dollars was made by one Vanderbelt, who was present and made the bid, and who, when the property was struck off, gave in the name of William Culver. Now, upon an examination of the bill, it is very evident that the counsel who drew it was under the impression that William Culver was present at the sale, and made the bid himself. It is not at all strange that the complainant should not have been acquainted with the fact, that William was not personally present, and that Yanderbelt acted for him. The sale took place some eighteen years prior to the filing of the bill, and when the complainant was only about six years of age. The fact to which-we have alluded is one of which, of course, the complainant could have no personal knowledge, and one about which it would not naturally occur to him to institute any inquiry. lie reasonably, and very naturally, took it for granted that William Culver personally bid for the property. But it is very singular, if this purchase by William was a bona fide one, and made for himself, and not for his father, as he alleges, that both he and his father, by their answers, *218 should not reveal the fact how this sale was made; but that they, finding the complainants under a misapprehension as to the real state of facts under which the bid was made, and the property struck off, should leave the complainant under that misapprehension of the circumstances. The fact is an important one; its concealment betrays a want of the mens sibi conscia recti. The when and where, and the circumstances under which Vanderbelt was called upon by William Culver to act as his agent at that sale, would have gone far to show the bona jvdes of the transaction. The concealment of the fact? which would have led unavoidably to an explanation as to these several particulars, looks very much as if it was desirable to avoid such explanation.
Again. William Culver, at the time of the sale, was under the age of twenty-one years, living with his father, and under his father’s control. The fact of his age is sufficiently proved by a sister of John Culver, who says that William Culver is one and a half years younger than her son, and that her son was forty-one years of age on the 23d of September, 1854. The bill charges that, at this time, William Culver had no means of his own, and that it was not within his power to raise the purchase money, as little as it was. The answers are content to say that William was abundantly able. In consideration of the fact that he was under age, it was incumbent on the defendants to have shown from what source he derived his means to enable him to make such a purchase. There is another fact to be taken in connection with the one we have been just considering, it is that William never did pay the consideration. His father paid the consideration to the estate. It is alleged that William conveyed to his father for the consideration of one hundred and twenty-five dollars, being twenty-five dollars more than William gave for the property. And this twenty-five dollars has never been paid to William. The reason given is, that as it turned out a hard bargain, the advance of twenty-five dollars was never exacted.
*219 John Culver, the administrator, gives as the reason why he purchased of his son, that the widow urged him to do so; that she was fearful William would sell to some stranger, and make trouble for her; and he says it was to provide for her and her children a home that he consented, at her urgent solicitation, to make the purchase. These facts are not proved, or attempted to be proved. They are, however, inconsistent with another fact, which the defendant, William Culver, in his anxiety to prove that he gave full value for the property, proved, and that fact is, that he offered to sell the property to William Roller for the same price he gave for it. This is inconsistent with his allegation, that his inducement to purchase was to make a home for the widow.
I think the evidence sufficiently establishes the fact, that the administrator was himself the purchaser through the intervention of his son. This fact being established, the sale must be sot aside. It is not necessary for the complainant to show that there was any actual fraud in the sale. Scott v. Gamble et al., 1 Stockton 218. The inquiry therefore, as to whether the property brought its full value, is immaterial. The defendant, John Culver, must he declared a trustee for the complainant and his sister Louisa, and he must be decreed to convey the property to them upon such equitable terms as the court shall direct.
There must be an account taken of the rents and profits during the period that John Culver has had possession. He must be charged with these, and be credited with the one hundred dollars and the interest from the time he paid it to the estate; and he must be credited, also, with the sum he paid the widow for her dower, and the interest from the time of such payment.